# CLEMENTE DIAZ QUIÑONEZ

## *v.*

# NANCY NEGRÓN LONGPRÉ ET AL.

---

Law, No. 794.

1. An attack upon the judgment of a court is not collateral, where the court making the adjudication had no jurisdiction of the case.

2. The proper proceeding for a claiming owner of land not in possession is an action of ejectment.

3. It is not necessary that fraud be alleged in an action of ejectment by one who was deprived of his interest as infant heir in his father's land by a sale by his guardians, alleged to be illegal because of noncompliance with law.

4. A tender of the purchase price of land, from the plaintiff to the defendant, is not necessary as a prerequisite to the bringing of an action of ejectment by one who was deprived of his interest as infant heir in his father's land by a sale by his guardian, alleged to be illegal because of noncompliance with law.

Opinion filed April 11, 1912.

Quiñonez v. Longpré.

CHARLTON, Judge, delivered the following opinion:

This action was originally brought, in ejectment, in the district court of Porto Rico for the district of Humacao, by the plaintiff claiming, as the sole heir of his deceased father, Clemente Diaz y González, the ownership and right of possession in and to certain lands, the property of his father at the time of his decease, and not forming a part of the conjugal partnership between his father and mother, which were situated on the island of Vieques, Porto Rico, in the district of Humacao.

Without going, in detail, into the allegations and counterallegations of the complaint and answer, it is sufficient to state that it was alleged by the plaintiff that his father died when he, the plaintiff, was two years old, leaving his mother (since remarried to one Longpré) as his natural guardian; that his said mother, and a person appointed the guardian *ad litem* of plaintiff, did, in the year 1894, and when the plaintiff was an infant of tender years, proceed to partition the real estate owned by his father at the time of his death, and to confess that his father owed certain debts to the predecessors in title of the defendants Mourraille, the amount of which was greatly less than the value of the real estate left by his father, to two thirds of which the plaintiff was entitled in absolute fee simple on the instant of the death of his father, and to a qualified fee simple in the remaining one third, subject to the life estate of his mother; that the land claimed by plaintiff was thereupon sold to the predecessors in title of the defendant Mouraille, for the amount of the alleged debt, and that all of said proceedings were without warrant of law, and void, as not being in compliance with the law in force at the time of the acts complained of; and prayed

that all the proceedings had in relation to the promises be held
to be null and void, that the entries in the registry of property
be canceled, that the defendants be held to account for, and to
pay to the plaintiff the mesne profits of the land, that the plain-
tiff be put into possession thereof, that the defendants pay the
costs of the proceeding and an attorney's fee, and for general
relief.

This action was filed on December 16th, 1910, within one
year after the emancipation of the plaintiff. On December 23d,
1910, the defendants, by their attorneys, filed in the district
court of Humacao a motion for the removal of the action to this
court, together with the bond required by law, and, on December
27th, 1910, a demurrer to the complaint. The order of removal
was made on December 28th, 1910, and the case was thereafter
in this court.

A motion in behalf of plaintiff to remand to the district court
of Humacao was denied; the pleadings of both parties were,
from time to time, reformed, and the matter is now presented
on the demurrer of plaintiff to the reformed and amended ans-
wer of defendants, the grounds laid being a failure to state facts
sufficient to constitute a defense, and that the answer is ambigu-
ous, uncertain, and unintelligible.

The amended answer is in part a denial and in part affirma-
tive, to the effect that all the proceedings had by the defendants
and their predecessors in title were regular and in accordance
with the law in effect at the time of the acts complained of. The
issue is raised by the demurrer.

Opportunity for extended argument was afforded counsel for
both parties, and most able and exhaustive briefs were present-
ed on behalf of plaintiff and defendants, setting out with earnest

advocacy the results of their profound research into the sources and authority of the Spanish law, and of its force and applicability to the law now in force in Porto Rico.

It is needless to say that both arguments and briefs have received the laborious, careful, and conscientious consideration of the court.

Under the conclusion which has been reached, it is unnecessary, and would be a duplication, to go into a detailed consideration of the arguments and authorities presented.

It is contended on behalf of defendants that the contention of plaintiff is in effect a collateral attack on the judgment of a court having jurisdiction, which constitutes the logical fallacy denominated a *petitio principii*, in that it presupposes, as a basis for the contention and the conclusion, that the court making the orders—in this case the district court of Humacao— possessed the requisite jurisdiction under the law in force; whereas the very crux of the contention of plaintiff is that it was without such jurisdiction.

Attack on the judgment of a court is only collateral when the court making the adjudication has jurisdiction. This whole controversy hinges upon the fact whether the district court of Humacao had jurisdiction to make the orders it did make, in relation to the subject-matter of this action. It appears clear to this court that the district court of Humacao did not possess jurisdiction, under the facts as shown by the transcripts of its proceedings, and the law then in force. Therefore its adjudication was a nullity, and the present proceeding does not constitute a collateral attack.

It is claimed on behalf of defendants that the remedy of plaintiff, if any he has, is in equity, and not, as in the present pro-

ceeding, at law, by an action in ejectment.  Ejectment is essentially a remedy for one who, claiming paramount title, is out of possession.  The verdict of a jury and the judgment of a court if favorable to a plaintiff, immediately result in a restoration of possession, and may be followed by such ancillary proceedings in law or in equity, or in both, as will entirely adjust the rights of the parties.

And although it is true that a court of equity, having once assumed jurisdiction, will retain it for all proper and necessary purposes, it is also true that, under our law, the proper proceeding for a claiming owner not in possession being an action for ejectment, and the rights of such claimant under the laws in effect in Porto Rico include a trial of such right by a jury, and the original proceeding in this matter having been instituted by the plaintiff in a forum which the defendants now claim to be the only forum having jurisdiction, but from which it was removed to this court by the defendants, such a contention comes illy from their mouths.

As to the necessity of an allegation of fraud in the complaint, in order that the plaintiff may maintain his contention, it is not perceived by the court, under the issues as joined, that such necessity exists.  The plaintiff fails or succeeds as he is able to establish his allegations, and apply existing law; and the jury, under the instructions of the court, is the arbiter of the opposing contentions.

If the plaintiff fails to establish the irregularities and failure of compliance with existing law of which he complains, he does not succeed; if he does establish them, the nullity of the procedure which was taken does not necessarily carry with it the legal implication of fraud, any more than of mistake or of ignorance.

Nor is a tender of purchase price from the plaintiff to the defendants legally necessary as a prerequisite to bringing the present action, under the pleadings and the exhibits in the record. In case the plaintiff should succeed in his contention, all proper deduction for purchase price paid by defendants, or their predecessors in interest, can be made under the order and supervision of the court, as well as any other adjustments which, in that, or in any other event, may be necessary in the furtherance of justice.

The demurrer of plaintiff to the reformed and amended answer of the defendants will be sustained, and the defendants are granted the time provided by law to amend said answer.